# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>APF Co., et al.<br><br>Debtors. | Chapter 11<br><br>Case No. 98-1596 (PJW)<br><br>Jointly Administered<br><br>**Objection Deadline: December 8, 2009 at 4:00 p.m.**<br>**Hearing Date: December 15, 2009 at 2:00 p.m.** |

## FORTY-SIXTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE TRUSTEE OF THE CREDITOR TRUST TO CERTAIN REDUNDANT CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULE 3007-1 OF THE LOCAL RULES OF BANKRUPTCY PROCEDURE

Joseph A. Pardo, as successor trustee (the "Trustee") of the Creditor Trust (as defined below), hereby objects (the "Objection") pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims listed on Exhibit A attached hereto (the "Claims"). <u>Your substantive rights may be affected by this objection and by any further objection that may be filed.</u> In support of this Objection, the Trustee submits the Declaration of Brad Daniel of BMC Group, Inc. (the "Daniel Declaration") attached hereto as Exhibit B and incorporated herein by reference, and respectfully represents as follows:

## Background

A. <u>The Chapter 11 Filings.</u>

1. On July 19, 1998 and on various dates thereafter, through and including August 7, 1998 (as to each debtor, the "Petition Date"), FPA Medical Management, Inc. and certain of its subsidiaries and affiliated professional corporations (the "Debtors") filed with this Court their respective voluntary petitions for relief under chapter 11 of Title 11 of the Bankruptcy Code.

2. On August 3, 1998, the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

B. <u>Confirmation of Chapter 11 Plan.</u>

3. When the cases commenced, the Debtors were a national physician practice management company which acquired, organized and managed primary care physician practices that contract with health insurance plans. The Debtors also provided primary and specialty care services to capitated managed care enrollees and fee-for-service patients and physician management services to hospital emergency departments, urgent care, and radiology facilities.

4. On May 27, 1999, this Court entered an order confirming the Debtors' Modified Second Amended Joint Plan of Reorganization of FPA Medical Management, Inc. and Certain of Its Subsidiaries and Affiliates (the "Plan"). The effective date of the Plan was July 8, 1999 (the "Effective Date").

5. The Plan provided, *inter alia*, for the creation of the Creditor Trust (as defined under the Plan). The Creditor Trust was formed as a vehicle for conducting claims administration and making distributions regarding Class 4 general unsecured

claims. Pursuant to Section 11.2 of the Plan, the Creditor Trust was assigned rights and duties with respect to Class 4 general unsecured claims including, without limitation, the right to interpose claim objections, defenses and/or counterclaims to such claims.[1] Under the Plan, to the extent an unsecured claim is allowed, the holder of such claim is a beneficiary of the Creditor Trust and is eligible to receive a pro rata share of any distribution therefrom.

6. B.N. Bahadur was appointed as initial trustee of the Creditor Trust. On July 19, 1999, he resigned. Effective July 20, 1999, Joseph A. Pardo was appointed successor Trustee.

C. Bar Date and Proofs of Claim.

7. On September 30, 1998, the Court entered an order setting November 17, 1998, at 4:00 p.m. as the deadline for filing certain proofs of claim in these chapter 11 cases (the "Bar Date").

8. Notice of the Bar Date, in the form approved by the Court, was: (a) mailed to all known creditors or potential creditors of the Debtors; (b) published in the national edition of each of The New York Times (on October 16, 1998), USA Today (on October 14, 1998), and The Wall Street Journal (on October 15, 1998); (c) published in the Sunday, October 25, 1998 edition of each of The Arizona Republic, The Charlotte Observer, The Dallas Morning News, The Houston Chronicle, The Las Vegas Review Journal, The Las Vegas Review Sun, The Los Angeles Times, The Miami Herald, The Sacramento Bee, The San Antonio Express, The San Diego Union Tribune, The Tucson Star, and The Tucson Citizen; (d) published in the October 29, 1998 edition of The

---

[1] Any discussion of the Plan, including without limitation, its provisions relating to the Creditor Trust, is qualified in its entirety by the actual provisions of the Plan.

Charlotte Business Journal; and (e) published in the November 2, 1998 edition of <u>Modern Healthcare</u>.

9. Approximately 22,687 proofs of claim have been filed in these cases totaling over three billion dollars.

10. The Debtors maintained in the ordinary course of business books and records that reflected their liabilities and amounts owed to creditors.

11. Since his appointment, the Trustee, with the assistance of counsel and BMC Group, Inc. ("BMC"), the Court appointed successor claims and noticing agent, continues to review the Debtors' books and records and the proofs of claim filed in these cases.

12. On August 30, 2007, the Court entered the Order Approving Motion of Joseph A. Pardo, Trustee of the FPA Creditor Trust, for Entry of an Order Approving Mechanics of Distributions to Unsecured Creditors, Including (i) De Minimis Distribution Threshold Amounts and (ii) Substantive Consolidation of the Debtors' Estates for Distribution Purposes, Pursuant to 11 U.S.C. §§ 105, 1142 and 1143 (the "Distribution Order") [Docket No. 4626], which substantively consolidated the Debtors' estates for distribution purposes.

D. <u>National Labor Relations Board - Claim and Settlement.</u>

13. On or about November 13, 1998, the National Labor Relations Board (the "NLRB") filed against the Debtors' estate a proof of multiple claims (the "NLRB Claim") for alleged wages and benefits owed to certain employees of the Debtors (collectively, the "Claimants", and each individually, a "Claimant").[2]

---

[2] The NLRB Claim is identified as Claim Number 10239.

14. On May 27, 1999, the Court approved the Stipulation and Settlement Between Debtors and National Labor Relations Board Compromising and Settling Disputes and Determining the Allowed Amount of the Board's Claim (the "NLRB Settlement"). Pursuant to the terms of the NLRB Settlement, the NLRB Claim was allowed as a general unsecured claim in the amount of $6,328,800.70. The Stipulation further provides that the calculation of the amounts and determination of the manner of distribution to the Claimants shall be at the sole and complete discretion of the NLRB's Regional Director.

15. On May 22, 2008, the Regional Director filed a supplemental proof of multiple claims, identified as claim no. 22778 ("Claim 22778"), with an amended appendix setting forth the respective amount designated for each of Claimant pursuant to the Stipulation.[3]

16. The Trustee has determined that each of the proofs of claim listed on Exhibit A attached hereto (the "Redundant Claims") are claims asserted by a Claimant against one or more Debtors based on the same liability asserted in the Claimant's respective NLRB Claim. For the reasons set forth below, the Trustee has determined that the Redundant Claims are properly the subject of an objection on one or more grounds. The Trustee reserves the right to object to any of the Redundant Claims on any other available grounds not set forth herein.

---

[3] Each Claimant's respective portion of the NLRB Claim is identified as claim no. 22778-____ .

{BAY:01419900v2}

5

## Jurisdiction

17. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 102, 105, and 502(b) of the Bankruptcy Code and Fed. R. Bankr. P. 3007.

## Relief Requested

18. By this Objection, the Trustee respectfully requests the entry of an order pursuant to section 502 of the Bankruptcy Code, Rule 3007 of the Bankruptcy Rules and Rule 3007-1 of the Local Rules modifying the Redundant Claims as provided on Exhibit A attached hereto.

## Basis for Relief

19. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that the Court shall allow a claim,

> Except to the extent that –
>
> > (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

20. Each of the Redundant Claims listed on Exhibit A attached hereto is a claim asserted partially or in its entirety against one or more Debtors based on the same liability asserted in Claim 22778, of which each Claimant is a beneficiary.

21. The Trustee objects to the Redundant Claims listed on Exhibit A pursuant to section 502(b) of the Bankruptcy Code because each of the Redundant Claims is asserted partially or in its entirety by a Claimant based on the same liability asserted by the NLRB in Claim 22778 on behalf of such Claimant. Proofs of claim that are

redundant of other proofs of claim filed against a debtor or debtor's property are unenforceable and, thus, should be disallowed and expunged in their entirety by the Bankruptcy Court, "as it is axiomatic that one can not [sic] recover for the same debt twice." In re Handy Andy Home Improvement Ctrs., Inc., 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998).

22.     Accordingly, the Trustee objects to each of the Redundant Claims listed on Exhibit A and seeks the entry of an order modifying the claim amount of each of the Redundant Claims to the extent that it asserts, in part or in its entirety, claims asserted in Claim 22778. For each of the Redundant Claims, the modified amount is listed on Exhibit A under the column heading "Modified Claim Amount". The Trustee reserves the right to object on any other grounds to any of the Claims listed on Exhibit A.

23.     This Objection complies with Rule 3007-1 of the Local Rules.

### **Reservation of Rights**

24.     The Trustee expressly reserves the right to amend, modify or supplement this Objection and to file additional objections to any proofs of claim filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not), but which are not the subject of this Objection. Should one or more of the grounds of objection stated in this Objection be dismissed, the Trustee reserves the right to object on other stated grounds or on any other grounds that he discovers during the pendency of these cases. In addition, the Trustee reserves the right to file counterclaims against the holders of any such claims.

### Notice

25. The Trustee will serve this Objection (and notice of the hearing thereon) by first-class United States mail, postage prepaid, upon (a) the Office of the United States Trustee, (b) each claimant listed on Exhibit A or such claimant's agent designated on the claimant's proof of claim, at the address listed in that claimant's proof of claim, and (c) each person requesting notices in these cases pursuant to the Supplemental Order under Fed. R. Bank. P. 2002(m) and 9007 dated October 18, 1999 relating to service of pleadings in these cases.

### Responses to Objections

26. <u>Filing and Service of Responses.</u> To contest an objection to its proof of claim under this Objection, a claimant must file with the United States Bankruptcy Court for the District of Delaware, <u>and serve so it is actually received by the undersigned counsel</u>, a written response (the "Response") on or before December 8, 2009 at 4:00 p.m. (EST).

27. <u>Contents of Responses.</u> Every Response must contain at a minimum the following:

    (a) a caption setting forth the name of the Court, the names of the Debtors, the case number and the title of this Objection;

    (b) the name of the claimant and description of the basis for the amount of the claim;

    (c) a concise statement setting forth the reasons why the claim should not be reclassified for the reasons set forth in the Objection, including, but not

limited to, the specific factual and legal basis upon which the claimant will rely in opposing the Objection;

(d) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which the claimant will rely in opposing the Objection at the hearing;

(e) the address(es) to which the Trustee must return any reply to the Response; and

(f) the name, address, and telephone number of the person (which may be the claimant or his legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant.

28. <u>Timely Response Filed.</u> If a claimant fails to file and serve a timely Response, the Trustee will present to the Court an appropriate order disallowing and expunging those claims listed on Exhibit A <u>without further notice to the claimant or a hearing</u>.

29. <u>Service Address.</u> If a Response contains an address for a claimant different from that stated on the disputed proof of claim, the address in the Response shall constitute the service address for future service of papers upon that claimant until the Trustee receives written notice from the claimant or the claimant's counsel of a changed service address.

**Further Information**

30. Questions about the Objection or requests for additional information about the proposed disposition of claims thereunder should be directed in writing to the Trustee's counsel: Bayard, P.A., Attention: Ashley B. Stitzer, Esq., 222 Delaware

Avenue, Suite 900, Wilmington, Delaware 19801, or by telephone at (302) 655-5000. <u>Claimants should not contact the Clerk of the Court to discuss the merits of their claims.</u>

WHEREFORE, the Trustee respectfully requests that the Court enter an order (i) disallowing and expunging each of the Redundant Claims listed on Exhibit A attached hereto as provided therein, and (ii) granting such other and further relief as is just and proper.

Dated: November 13, 2009    BAYARD, P.A.

By: /s/ Daniel O'Brien
Neil B. Glassman (No. 2087)
Ashley B. Stitzer (No. 3891)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
(302) 655-5000

- and -

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Joseph L. Schwartz (N.J. Bar No. JS-5525)
One Speedwell Avenue
P.O. Box 1981
Morristown, New Jersey 07962-1981
(973) 538-0800

Attorneys for Joseph A. Pardo, Successor Trustee of the FPA Creditor Trust